UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

v.

LORENZO MCALLISTER,

                 Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
14-CR-553-2 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

On May 27, 2015, Defendant Lorenzo McAllister ("Defendant") pled guilty to Hobbs Act Robbery. ECF No. 40 ("Guilty Plea"). The Court now provides a complete statement of reasons pursuant to 18 U.S.C. § 3553(c) of those factors set forth by Congress and the President and contained in 18 U.S.C. § 3553(a). For the reasons stated below, Defendant is hereby sentenced.

## BACKGROUND

On October 15, 2014, Defendant was charged by an Indictment with (1) Hobbs Act Robbery Conspiracy under 18 U.S.C. §§ 1951(a), 2, and 3551 *et seq.* ("Count One"); Hobbs Act Robbery under 18 U.S.C. §§ 1951(a), 2, and 3551 *et seq.* ("Count Two"); and Brandishing of a Firearm During a Crime of Violence under 18 U.S.C. §§ 924(c)(1)(A)(ii), 2, and 3551 *et seq.* ("Count Three"). ECF No. 16 ("Indictment") at 1-2. On May 27, 2015, Defendant pled guilty to Count Two of the Indictment. *See* Guilty Plea at 1.

For the reasons set forth below, the Court sentences Defendant and sets forth its reasons for Defendant's sentence using the rubric of the Section 3553(a) factors pursuant to 18 U.S.C. § 3553(c)(2).

## DISCUSSION

**I.     Legal Standard**

18 U.S.C. § 3553 outlines the procedures for imposing sentence in a criminal case. When the District Court chooses to impose a sentence outside of the Sentencing Guidelines range, the

1

Court "shall state in open court the reasons for its imposition of the particular sentence, and . . . the specific reason for the imposition of a sentence different from that described" in the Guidelines. 18 U.S.C. § 3553(c)(2). The Court must also "state[] with specificity" its reasons for so departing "in a statement of reasons form[.]" *Id.*

"The sentencing court's written statement of reasons shall be a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under [Section] 3553(a)." *United States v. Davis*, 08-CR-332, 2010 WL 1221709, at *1 (E.D.N.Y. Mar. 29, 2010) (Weinstein, J.) (internal quotation marks and citation omitted). 18 U.S.C. § 3553(a) provides a list of reasons for the Court to consider in choosing what sentence to impose on a criminal defendant. Specifically, Section 3553(a) states "[t]he court, in determining the particular sentence to be imposed, shall consider[:]"

> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
> **(2)** the need for the sentence imposed--
>   **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   **(B)** to afford adequate deterrence to criminal conduct;
>   **(C)** to protect the public from further crimes of the defendant; and
>   **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
> **(3)** the kinds of sentences available;
> **(4)** the kinds of sentence and the sentencing range established for--
>   **(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
>     **(i)** issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
>     **(ii)** that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
>   **(B)** in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act

> of Congress (regardless of whether such amendments have yet to be
> incorporated by the Sentencing Commission into amendments issued under
> section 994(p) of title 28);
>
> (5) any pertinent policy statement--
>
> (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of
> title 28, United States Code, subject to any amendments made to such policy
> statement by act of Congress (regardless of whether such amendments have
> yet to be incorporated by the Sentencing Commission into amendments issued
> under section 994(p) of title 28); and
>
> (B) that, except as provided in section 3742(g), is in effect on the date the
> defendant is sentenced.
>
> (6) the need to avoid unwarranted sentence disparities among defendants with
> similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

The Court addresses each of the 18 U.S.C. § 3553(a) factors in turn.

## II. Analysis

### 1. The Nature and Circumstances of the Offense and the History and Characteristics of the Defendant

The first 18 U.S.C. § 3553(a) factor requires the Court to evaluate "the nature and circumstances of the offense and the history and characteristics of the [D]efendant." 18 U.S.C. § 3553(a)(1). Proceeding chronologically, the Court addresses first the history and characteristics of the Defendant and then the nature and circumstances of the offense. Based on these factors, a significant sentence is justified.

#### a. History and Characteristics of Defendant

Defendant was born on August 22, 1992, in Brooklyn, New York. ECF No. 43 ("PSR") ¶ 35. He attended school through the 12th grade. *Id.* ¶ 47. He has never had a significant relationship with his father, and his mother abandoned him when he was seventeen years old. *Id.* ¶ 35. Defendant has no children and has never been married, but he has been in a committed relationship since 2009. *Id.* ¶ 38. He reported to Pretrial

Services that he smokes marijuana and consumes large amounts of liquor on a daily basis. *Id.* ¶ 44.

Defendant's criminal record dates back to his teenage years. In 2008, at age sixteen, Defendant was convicted of fare jumping at a New York City subway station. *Id.* ¶ 26. He was sentenced in Queens County Criminal Court to a conditional discharge and three days of community service. *Id.*

In 2011, Defendant was convicted in Queens County Supreme Court of Grand Larceny in the Fourth Degree. *Id.* ¶ 27. *Id.* Probation documents indicated that New York Police Department ("N.Y.P.D.") officers arrested Defendant after they found him driving a vehicle that had been reported stolen. *Id.* Defendant was sentenced to four years of incarceration and an order of protection. *Id.*

Defendant was also convicted of two counts of Robbery in the Second Degree in Queens County Criminal Court on October 11, 2011. *Id.* ¶¶ 28-29. According to court records, Defendant and another individual robbed two different convenience stores at gunpoint on March 1, 2010, and December 9, 2010. *Id.* Defendant was sentenced to forty-two months of incarceration for each count, set to run concurrently with the term of imprisonment imposed on his prior conviction for Grand Larceny. *Id.* Defendant was also sentenced to thirty months of post-release supervision for each count. *Id.*

During his prison sentence, Defendant completed a six-month alcohol and substance abuse treatment program and a high school equivalency program. *Id.* ¶ 27. He was granted parole on March 3, 2014, after three years of custody. *Id.* Defendant was arrested for the instant offense on September 16, 2014. *Id.* His parole was set to expire on September 3, 2016. *Id.*

### b. Nature and Circumstances of the Offense

According to the Presentence Investigation Report filed in this case, Defendant was involved in the robbery of a 7-Eleven convenience store in Flushing, New York with co-defendants Arthur Lilly and Joseph Pena. *Id.* ¶ 3. On September 16, 2014, the three defendants, wearing hooded sweatshirts and obscuring their faces with masks and bandanas, entered the 7-Eleven and confronted a customer and the store clerk. *Id.* One of the defendants brandished a loaded Mossberg 500A pistol grip pump-action 12-gauge shotgun. *Id.* The defendants took the customer's identification card and cell phone at gunpoint, then forced the store clerk to open the cash register and give them its contents, amounting to $304. *Id.* They also stole an unspecified amount of lottery tickets and the store owner's Coach purse containing an identification card, two credit cards, and $102. *Id.* After the defendants fled the scene in a car, the victims called 911 and reported the incident. *Id.* ¶ 4.

N.Y.P.D. officers responded to the 911 call and attempted to stop the defendants' vehicle, which matched the description provided by the victims. *Id.* The defendants refused to pull over and led the police on a high-speed chase, weaving in and out of traffic at speeds approaching one-hundred and twenty miles per hour. *Id.* At one point during the chase, one of the defendants threw the Coach purse out of the window of their car. *Id.* The chase lasted twenty minutes, ending when the defendants crashed their car into the façade of a grocery store. *Id.* As the defendants exited the vehicle, it burst into flames. *Id.* They attempted to run, but were promptly apprehended by the police and arrested. *Id.* Officers recovered the Mossberg shotgun and stolen lottery tickets from the wreckage of the defendants' car. *Id.* ¶ 5. The grocery store into which defendants crashed sustained $35,946.72 worth of damage. *Id.* ¶ 7.

### 2. The Need for the Sentence Imposed

The second 18 U.S.C. § 3553(a) factor instructs the Court to consider "the need for the sentence imposed (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). The Court addresses each subsection in turn.

### a. Reflecting the Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment

The Court finds that a significant sentence is necessary to accomplish the purposes of reflecting the seriousness of the offense, promoting respect for the law, and providing just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Defendant's crime is severe: he committed armed robbery, placing two innocent lives in jeopardy. *See Enmund v. Florida*, 458 U.S. 782, 797 (1982) ("We have no doubt that robbery is a serious crime deserving serious punishment."). Furthermore, Defendant recklessly endangered the lives of countless bystanders and police officers by leading the N.Y.P.D. on a high-speed car chase through the streets of New York City. When he ultimately crashed his vehicle into a grocery store, he placed customers' lives at risk and caused thousands of dollars of damage. Defendant's sentence will satisfy the purpose of the Hobbs Act to "use all the constitutional power Congress has to punish interference with interstate commerce by extortion, robbery, or physical violence." *Stirone v. United States*, 361 U.S. 212, 215 (1960).

### b. Affording Adequate Deterrence to Criminal Conduct

"Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence." *Davis*, 2010 WL 1221709 at *2. The Court finds that a significant sentence of

6

incarceration is necessary to afford adequate deterrence, both specific and general, to criminal conduct. *See* 18 U.S.C. § 3553(a)(2)(B).

Regarding specific deterrence, Defendant is a young man who has spent the majority of his nascent adulthood committing armed robbery. He spent three years in prison for robbing two convenience stores, and now, only six months after his release, Defendant has robbed a third store. Defendant's continued criminal conduct after multiple convictions indicates that he is in need of lengthy incapacitation to deter him from persisting along this path. *See United States v. Park*, 758 F.3d 193, 201 (2d Cir. 2014) (noting particular need for incapacitation and specific deterrence given defendant's continued criminal activity after prior convictions). Regarding general deterrence, a serious sentence will send a clear message that any involvement in Hobbs Act robbery will result in a significant period of incarceration.

### c. Protecting the Public from Further Crimes of the Defendant

Defendant personifies an ongoing danger to the public. He is a repeat offender whose armed robberies routinely place innocent bystanders in peril. The only way to protect the public from Defendant's continued pursuit of criminal conduct is to incarcerate him for a significant period of time.

### d. Providing Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment in the Most Effective Manner

Defendant does not require additional educational or vocational training, medical care, or other correctional treatment. Accordingly, this factor is irrelevant.

### 3. The Kinds of Sentences Available

The third 18 U.S.C. § 3553(a) factor requires the Court to discuss "the kinds of sentences available" for Defendant. 18 U.S.C. § 3553(a)(3).

Defendant pled guilty to Hobbs Act Robbery under 18 U.S.C. § 1951(a). *See* Guilty Plea at 1. This count carries a maximum imprisonment term of twenty years, 18 U.S.C. § 1951(a), and a maximum supervised release period of three years, 18 U.S.C. § 3583(b)(2). In addition, because this Count is a Class C Felony, Defendant is subject to between one and five years of probation with one or more of the following conditions: a fine, restitution, or community service. 18 U.S.C. §§ 3561(c)(1), 3563(a)(2). This Count also carries a maximum fine of $250,000.00, 18 U.S.C. § 3571(b), and a mandatory special assessment of $100.00, 18 U.S.C. § 3013. Restitution is required in the amount of $36,250.72, which includes the $35,946.72 owed to the grocery store's insurance company and the $304 owed to the owner of the 7-Eleven convenience store. 18 U.S.C. § 3663. Accordingly, the Court's sentence falls within the kinds of sentences available to Defendant.

### 4. The Kinds of Sentence and the Sentencing Range Established For Defendant's Offenses

The fourth 18 U.S.C. § 3553(a) factor requires the Court to detail "the kinds of sentence and the sentencing range established for[] the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced[.]" 18 U.S.C. § 3553(a)(4)(A).

Defendant has a base offense level of twenty pursuant to Guideline 2B3.1, which governs robbery convictions. U.S. Sentencing Guidelines Manual § 2B3.1 (U.S. Sentencing Comm'n 2015) ("U.S.S.G."). Five offense levels are added because the robbery involved the brandishing

of a firearm. *Id.* § 2B3.1(b)(2)(C). A one-level enhancement is warranted because the offense involved a loss of $36,352.72. *Id.* § 2B3.1(b)(7)(B). Additionally, two offense levels are added because the Defendant recklessly created a substantial risk of death or serious injury to the general public in the course of fleeing from law enforcement. *Id.* § 3C1.2. Because Defendant demonstrated acceptance of responsibility for the offense and pled guilty in a timely manner, a decrease of three offense levels is permitted by the guidelines. *Id.* §§ 3E1.1(a), 3E1.1(b).

Taking all adjustments into account, Defendant's offense level is twenty-five. PSR ¶ 24. With a criminal history category of IV, Defendant's guidelines sentencing range is eighty-four to one-hundred and five months. U.S. Sentencing Guidelines Manual Sentencing Table (U.S. Sentencing Comm'n 2015). Defendant is eligible for a supervised release term of one to three years. U.S.S.G. § 5D1.2(a)(2). Defendant is ineligible for probation because the applicable guidelines range is in Zone D of the Sentencing Table. *Id.* § 5B1.1, comment (n.2). The guidelines suggest a fine in the range of $10,000 to $100,000. *Id.* § 5E1.2(c)(3). Costs of prosecution shall be considered in determining whether to impose a fine. *See id.* § 5E1.5; PSR ¶ 70.

### 5. Pertinent Policy Statement(s) of the Sentencing Commission

The fifth 18 U.S.C. § 3553(a) factor requires the Court to evaluate "any pertinent policy statement [] issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and [] that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced." 18 U.S.C. § 3553(a)(5).

Policy Statement § 5H1.8, in conjunction with § 4A1.3, provides that a defendant's criminal history may warrant an upward departure if reliable information indicates that the defendant's criminal history category substantially underrepresents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes. U.S.S.G. §§ 5H1.8, 4A1.3(a). Defendant was sentenced for his second robbery conviction on the same day as his first, and therefore received only one criminal history point for the conviction pursuant to Guideline § 4A1.1(e). *See* PSR ¶ 29; U.S.S.G. § 4A1.1(e). Such a conviction would normally contribute three criminal history points. *See* U.S.S.G. §§ 4A1.1(a); 4A1.2(e)(1). Also, because of the ultimate disposition of Defendant's 2008 conviction for fare jumping, it did not provide any criminal history points under the guidelines analysis. *See* PSR ¶ 26. Accordingly, an upward departure would be warranted in this case.

### 6. The Need to Avoid Unwarranted Sentence Disparities

The sixth 18 U.S.C. § 3553(a) factor requires the Court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6).

Defendant pled guilty to Hobbs Act Robbery, which carries a maximum imprisonment term of twenty years of incarceration. *See* Guilty Plea at 1; 18 U.S.C. § 1951(a). The sentence imposed by this court, is not beyond the pale for Defendant's crime, and avoids disparities with other federal sentences which recognize the severity of such a crime.

In addition, "[t]he New York state statute, while not directly applicable, provides a useful indication of how this crime would be treated" under state law. *United States v. Ferranti*, 928 F. Supp. 206, 214 (E.D.N.Y. 1996) (Weinstein, J.). The New York state analog to Defendant's crime is Robbery in the First Degree, which carries a sentence of one to twenty-five years of

imprisonment. *See* New York Penal Law §§ 160.15, 70.00(2)(b). Accordingly, a substantial prison sentence would not create a disparity with New York State sentences for similar defendants.

### 7. The Need to Provide Restitution

Lastly, the seventh 18 U.S.C. § 3553(a) factor requires the Court to touch upon "the need to provide restitution to any victims of the offense." 18 U.S.C. § 3553(a)(7). Restitution is mandatory in Defendant's case; he must repay a total of $35,946.72 to AmTrust Financial Services, Inc., the grocery store's insurer, and $304 to Nilam Patel, the owner of the 7-Eleven convenience store. *See* 18 U.S.C. § 3663A; U.S.S.G. § 5E1.1.

## CONCLUSION

Mr. McAllister poses a clear and present danger to the citizens of New York. If you doubt that fact, examine the crime scene and car crash photos attached to this Memorandum and Order as Exhibit 1. A guidelines sentence of 105 months of incarceration, to be followed by 3 years of supervised release, with restitution in the amount of $36,250.72 and the $100.00 mandatory assessment fee, is appropriate and comports with the dictates of Section 3553. This sentence is consistent with, and is sufficient but no greater than necessary to accomplish the purposes of 18 U.S.C. § 3553(a)(2).

The Court expressly adopts the factual findings of the Presentence Investigation Report.

**SO ORDERED.**

s/ WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: February 22, 2016
      Brooklyn, New York